**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| FELLOWSHIP FILTERING TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ALIBABA.COM, INC., a Delaware corporation, <br> ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, a Singapore company, <br> ALIBABA GROUP HOLDING LTD., a Cayman Islands exempted company, <br> ALIBABA.COM HONG KONG LTD., a Hong Kong company, <br> ALIBABA.COM LTD., a Cayman Islands company, <br> ALIBABA.COM INVESTMENT HOLDING LTD., a British Virgin Islands company, <br> ALIBABA.COM INVESTMENT LTD., a British Virgin Islands company, <br> ALIBABA (CHINA) TECHNOLOGY CO., LTD., established in the People's Republic of China, <br> TAOBAO HOLDING LTD., a Cayman Islands company, <br> TAOBAO CHINA HOLDING LTD., a Hong Kong company, and <br> TAOBAO (CHINA) SOFTWARE CO., established in the People's Republic of China. <br><br> Defendants. | Civil Action No. 2:15-CV-02049 |

**DEFENDANT ALIBABA.COM, INC.'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION AND
<u>IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER</u>**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................................1

II.     FACTUAL BACKGROUND ..................................................................................2

      A.      Fellowship Filtering's Complaint ...............................................................2

      B.      Defendant Alibaba.com, Inc. ......................................................................3

      C.      Other Alibaba Defendants ...........................................................................4

      D.      Plaintiff Fellowship Filtering Technologies, Inc. ......................................4

III.    APPLICABLE LAW ..............................................................................................5

      A.      Personal Jurisdiction ...................................................................................5

      B.      Venue in Patent Cases .................................................................................7

      C.      Transfer For Improper Venue and Convenience of the Parties and
           Witnesses .....................................................................................................8

IV.     ARGUMENT ........................................................................................................10

      A.      Alibaba.com, Inc. is Not Subject to Personal Jurisdiction in This District ...........10

           1.      Alibaba.com, Inc. is not subject to general personal jurisdiction in
                this District. ...................................................................................10

           2.      Alibaba.com, Inc. is not subject to specific personal jurisdiction in
                this District. ...................................................................................10

      B.      Venue With Respect to Alibaba.com, Inc. Does Not Lie In This District .............13

           1.      Alibaba.com, Inc. does not reside in this District. ....................................13

           2.      Alibaba.com, Inc. does not have a regular and established place of
                business in this District. ................................................................14

      C.      Even If the Court Decides that It Can Exercise Personal Jurisdiction Over
           Alibaba.com, Inc., Transfer to the Northern District of California is
           Warranted ...................................................................................................14

           1.      Fellowship Filtering could have sued Alibaba.com, Inc. in the
                Northern District of California. .....................................................15

2.      Venue with respect to Alibaba.com, Inc. does not lie in this forum..........15

3.      Fellowship Filtering has no meaningful connection to this forum. ...........15

4.      The convenience of witnesses favors transfer. ..........................................16

5.      Availability of compulsory process favors transfer. ................................18

6.      There are no practical problems with transferring this case to the
        Northern District of California..................................................................18

V.      CONCLUSION...............................................................................................19

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affinity Labs of Texas v. Samsung Elecs. Co.*,
  No. 12-557, 2013 WL 5508122 (E.D. Tex. Sept. 18, 2013)...................................................19

*In re Apple Inc.*,
  456 F. App'x 907 (Fed. Cir. 2012)........................................................................................16

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
  566 F.3d 1012 (Fed. Cir. 2009)...............................................................................................5

*Campbell Pet Co. v. Miale*,
  542 F.3d 879 (Fed. Cir. 2008)..................................................................................................6

*Cannon Mfg. Co. v. Cudahy Packing Co.*,
  267 U.S. 333 (1925)................................................................................................................12

*In re Cordis Corp.*,
  769 F.2d 733 (Fed. Cir. 1985)................................................................................................13

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (U.S. 2014).................................................................................................5, 10

*Dalton v. R & W Marine, Inc.*,
  897 F.2d 1359 (5th Cir. 1990) ...............................................................................................12

*DietGoal Innovations LLC v. Wegmans Food Markets, Inc.*,
  No. 2:12-cv-562, 2013 WL 775426 (E.D. Tex. Feb. 28, 2013)................................................9

*Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*,
  514 F.3d 1063 (10th Cir. Colo. 2008)......................................................................................6

*Fourco Glass Co. v. Transmirra Products Corp.*,
  353 U.S. 222 (1957)..................................................................................................................7

*Garnet Digital, LLC v. Apple, Inc.*,
  893 F. Supp. 2d 814 (E.D. Tex. 2012)...................................................................................14

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009)...................................................................................9, 16, 17

*Grober v. Mako Prods.*,
  686 F.3d 1335 (Fed. Cir. 2012)..........................................................................................6, 12

*Hertz Corp. v. Friend*,
  559 U.S. 77 (2010)..................................................................................................................16

*Inamed Corp. v. Kuzmak*,
  249 F.3d 1356 (Fed. Cir. 2001)...............................................................................................5

*LSI Indus. Inc. v. Hubbell Lighting, Inc.*,
232 F.3d 1369 (Fed. Cir. 2000)....................................................................6

*MGA Entertainment v. Innovation First*,
525 Fed. Appx. 576 (9th Cir. Cal. 2013) ...................................................7

*In re Microsoft Corp.*,
630 F.3d 1361 (Fed. Cir. 2011).................................................................16

*In re Nintendo Co.*,
589 F.3d 1194 (Fed. Cir. 2009)............................................................9, 15

*Nuance Communs., Inc. v. Abbyy Software House*,
626 F.3d 1222 (Fed. Cir. 2010)..................................................................5

*On Semiconductor Corp. v. Hynix Semiconductor, Inc.*,
2010 WL 3855520 (E.D. Tex. 2010) .......................................................17

*Optimum Power Solutions LLC v. Apple Inc.*,
794 F. Supp. 2d 696 (E.D. Tex. Feb. 22, 2011) ......................................18

*Palnik v. Westlake Entertainment, Inc.*
344 Fed. Appx 249 (6th Cir. Ohio 009) .....................................................7

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
253 F.3d 865 (5th Cir. Tex. 2001) ..............................................................6

*Pervasive Software Inc. v. Lexware GmbH & Co. KG*,
688 F.3d 214 (5th Cir. Tex. 2012) ..............................................................5

*Special Indus. v. Zamil Group Holding Co.*,
578 Fed. Appx. 325 (5th Cir. 2014) ............................................................5

*In re: TC Heartland LLC*,
Case No. 16-105...........................................................................................9

*TransUnion Intelligence LLC v. Search America, Inc.*,
No. 10-130, 2011 WL 1327038 (E.D. Tex. Apr. 5, 2011)........................19

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
917 F.2d 1574 (Fed. Cir. 1990)...............................................................7, 8

*Van Dusen v. Barrack*,
376 U.S. 612 (1964)......................................................................................9

*In re Verizon Bus. Network Servs. Inc.*,
635 F.3d 559 (Fed. Cir. 2011)...................................................................16

*In re Volkswagen*,
371 F.3d 201 (5th Cir. 2004) .....................................................................17

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. Tex. 2008) .........................................................9, 15

*In re Zimmer Holdings, Inc.*,
    609 F.3d 1378 (Fed. Cir. 2010)............................................................................16

## **Statutes**

28 U.S.C. §§ 1391-1412 .........................................................................................8

28 U.S.C. § 1391 ...................................................................................................8

28 U.S.C. § 1391(a) ...............................................................................................8

28 U.S.C. § 1391(c) .......................................................................................7, 8, 13

28 U.S.C. § 1400(b) ..................................................................................7, 8, 13, 15

28 U.S.C. § 1404 ..................................................................................................15

28 U.S.C. § 1404(a) .............................................................................................1, 9

28 U.S.C. § 1406(a) .....................................................................................1, 8, 9, 15

Fed. R. Civ. P. 12(b)(2)........................................................................................1, 13

Fed. R. Civ. P. 12(b)(3)............................................................................................1

Fed. R. Civ. P. 45(b)(2).........................................................................................18

Fed. R. Civ. P. 45(c)(1)(B)(ii)...............................................................................18

## I.    <u>INTRODUCTION</u>

Defendant Alibaba.com, Inc. hereby moves, pursuant to Fed. R. Civ. P. 12(b)(2) and (3), to dismiss Plaintiff Fellowship Filtering Technologies, LLC'S ("Fellowship Filtering") complaint with respect to Alibaba.com, Inc. for lack of personal jurisdiction and improper venue. In the alternative, Alibaba.com, Inc. moves pursuant to 28 U.S.C. §§ 1404(a) and 1406(a) to transfer this case to the Northern District of California, its home jurisdiction.

Fellowship Filtering has elected to file suit in this District accusing several foreign companies and Alibaba.com, Inc., a California-based company, of infringing a United States patent, without a rational basis for doing so.  While Fellowship Filtering alleges that this Court has personal jurisdiction over the Defendants and venue is proper in this District, it provides no factual basis for its contentions, and the relevant facts suggest otherwise.  Fellowship Filtering's jurisdictional allegations are utterly devoid of facts indicating that Alibaba.com, Inc. has directed activities at the State of Texas.  Fellowship Filtering has thus failed to set forth a *prima facie* case that this Court can exercise personal jurisdiction over Alibaba.com, Inc. or that venue is proper in this District.

Even if this Court were to find that it has jurisdiction over Alibaba.com, Inc., this case should be transferred to the Northern District of California.  No party to this action has real ties to Texas.  To the extent that any Defendant has ties to the United States relating to the subject matter of this action, those ties are centered in the Northern District of California.  Alibaba.com, Inc. is based in Santa Mateo, California and the bulk, if not all, of Alibaba.com, Inc.'s documents and witnesses reside in the Northern District of California.  The Northern District of California is also a more convenient travel destination for Alibaba.com, Inc. witnesses—and appears to be so for Fellowship Filtering's witnesses as well.  None of Fellowship Filtering's principals identified

in the complaint reside in Texas—Mr. Robinson, the named inventor and co-owner of

Fellowship Filtering, apparently resides in Maine.  Although the complaint alleges that

Fellowship Filtering employs a Texas resident as a so-called "Technology Analyst" (whatever

that means), there is no indication that individual has information relevant to this dispute.  And

its corporate filings as an LLC in Texas (made less that a year prior to the filing of its complaint

herein) indicate that *both of its managing members are California residents*.  As a result, the

Northern District of California is a more convenient forum for witnesses having information that

is likely relevant to the present dispute; litigating the present case in that District offers

significant benefits in time and expenditure of resources, and that District has a much greater

interest in administering the allegations surrounding the present dispute.  Thus, the facts of the

present case overwhelmingly favor a transfer to the Northern District of California.

## II.     FACTUAL BACKGROUND

### A.     Fellowship Filtering's Complaint

On December 3, 2015, Fellowship Filtering filed the present action alleging infringement

of U.S. Patent No. 5,884,282 ("the '282 patent") by Alibaba.com, Inc., Alibaba.com Singapore

E-Commerce Private Limited, Alibaba Group Holding Limited, Alibaba.com Hong Kong Ltd.,

Alibaba.com Ltd., Alibaba.com Investment Holding Ltd., Alibaba.com Investment Ltd., Alibaba

(China) Technology Co., Ltd., Taobao Holding Ltd., Taobao China Holding Ltd., and Taobao

(China) Software Co., Ltd. (collectively, the "Defendants" or "Alibaba Defendants").  (Dkt. 1.)

In the Complaint, Fellowship Filtering alleges that the Alibaba Defendants directly infringe one

or more claims of the '282 patent by "making, using, offering for sale, and/or selling

collaborative filtering products and services, including but not limited to, the Alibaba Products,

which include infringing content and/or product recommendation technologies. Such products

and/or services include, by way of example and without limitation, www.taobao.com,

www.aliexpress.com, www.aliyun.com, and www.alibaba.com, which are covered by one or more claims of the '282 patent, including but not limited to claims 19 and 25."  (Dkt. 1, ¶ 215).

      **B.**    **<u>Defendant Alibaba.com, Inc.</u>**

As set forth in the accompanying declaration of Michael Lee ("Lee Decl."), Alibaba.com, Inc. is a Delaware Corporation with its place of business in San Mateo, California.  Lee Decl. ¶ 3.  Alibaba.com, Inc. is a marketing company, which promotes the Alibaba websites in the United States generally.  *Id.,* ¶ 5.  Alibaba.com, Inc. does not engage in marketing or sales initiatives directed at any specific state, including Texas.  *Id.*

Alibaba.com, Inc. does not operate or otherwise administer any of the Alibaba websites, does not develop, make, sell or distribute any products (including website-building tools), and does not provide technical support or engineering services to end users of the Alibaba websites. *Id.*

All Alibaba.com, Inc. employees are either based in its San Mateo, California office or spend some portion of their time working out of that office.  *Id.* ¶ 4.  Alibaba.com, Inc. does not own, lease or maintain any real property in Texas.  *Id.* ¶ 6. Alibaba.com, Inc. does not own, lease or maintain any tangible personal property, including any documents or electronic data repositories, in Texas.  *Id.* ¶ 7.  Alibaba.com, Inc. has no employees or agents in Texas.  *Id.* ¶ 8. Alibaba.com, Inc. pays no property or income taxes in Texas, and has no places of business, mailing addresses, bank accounts, or telephone listings in Texas.  *Id.* ¶ 9.  Alibaba.com, Inc. has no registered agent in Texas and is not registered with the Texas Secretary of State to transact business in Texas.  *Id.* ¶ 10.

C.       **Other Alibaba Defendants**

Alibaba.com, Inc. is the only defendant that is based in the United States; all other

Alibaba Defendants are foreign companies that have not been served with the complaint as of the

present date.

D.       **Plaintiff Fellowship Filtering Technologies, Inc.**

Fellowship Filtering was formed as a Texas limited liability corporation on November

13, 2014—less than a year prior to the filing of the complaint herein.  Declaration of Brett

Watkins ("Watkins Decl."), Ex. 1.  In the Complaint, Fellowship Filtering stated that it is based

in McKinney, Texas and employs a McKinney resident as a "Technology Analyst," although the

Complaint does not indicate whether that individual employee is full- or part-time or provide any

information regarding his or her job responsibilities.  (Dkt. 1, ¶ 33.)  The Complaint also states

that the sole named inventor of the '282 patent, Gary Robinson, is a co-owner of Fellowship

Filtering.  (*Id*., ¶ 1.)  Based on publicly available records, Mr. Robinson is a resident of Bangor,

Maine.  Watkins Decl., Ex. 3.

Six months after being formed in Texas, Fellowship Filtering filed the first of 16 patent

infringement complaints in this District.[1]  *Id*., Ex. 4.  Fellowship Filtering's Certificate of

Formation did not provide a business address in Texas, but did identify two managing members

having mailing addresses in Los Angeles, California.  *Id*., Ex. 1.  Current information for

Fellowship Filtering maintained by the Texas Secretary of State includes the same California

address for the two managing members.  *Id*., Ex. 2.

---

[1]  Case Nos. 2:15-cv-00805, 2:15-cv-00839, 2:15-cv-00837, 2:15-cv-00838, 2:15-cv-00897,
2:15-cv-00896, 2:15-cv-01045, 2:15-cv-01090, 2:15-cv-01093, 2:15-cv-01106, 2:15-cv-01098,
2:15-cv-01107, 2:15-cv-01108, 2:15-cv-01135, 2:15-cv-02049, and 2:15-cv-02062.

## III.    APPLICABLE LAW

### A.    Personal Jurisdiction

In a patent case, Federal Circuit law governs the issue of personal jurisdiction "because the jurisdictional issue is intimately involved with the substance of the patent laws." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009) (internal quotations omitted). "Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *Id*. at 1017 (internal quotations omitted); *see also Nuance Communs., Inc. v. Abbyy Software House,* 626 F.3d 1222, 1230 (Fed. Cir. 2010) (holding "[t]he law of the Federal Circuit, rather than that of the regional circuit in which the case arose, applies to determine whether the district court properly declined to exercise personal jurisdiction over an out-of-state accused infringer.").

The Texas long-arm statute has been interpreted as coextensive with the federal due process standards. Accordingly, the court in which jurisdiction is sought may consider only whether the assertion of personal jurisdiction is consistent with federal due process considerations. *Special Indus. v. Zamil Group Holding Co.*, 578 Fed. Appx. 325, 327-328 (5th Cir. 2014) (citing *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. Tex. 2012)); *see also Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001).

Personal jurisdiction comes in two forms, general and specific. "General jurisdiction . . . requires that the defendant have continuous and systematic contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts." *Autogenomics*, 556 F.3d at 1017 (internal quotations omitted). In other words, general personal jurisdiction applies only when the defendant is found to be "essentially at home" in the jurisdiction. *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (U.S. 2014) (holding

"a court may assert jurisdiction over a foreign corporation …only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'").  Sporadic and insubstantial contacts with the forum state will not give rise to general jurisdiction.  *Campbell Pet Co. v. Miale*, 542 F.3d 879, 881-884 (Fed. Cir. 2008) (finding no general jurisdiction from twelve sales yielding approximately $14,000 in revenue, conference attendance in the forum during which products are demonstrated and orders taken, and a generally accessible internet website).

    "Specific jurisdiction, on the other hand, must be based on activities that arise out of or relate to the cause of action, and can exist even if the defendant's contacts are not continuous and systematic." *Grober v. Mako Prods.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012) (citing *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000)).  Specific jurisdiction exists if "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair."  *Id.*

    The plaintiff has the burden of proving parts one and two of the specific jurisdiction test are met in a given case, and then the burden shifts to the defendant to prove that personal jurisdiction is unreasonable.  *Id.*  In meeting its burden of proof, a plaintiff cannot merely rely on conclusory allegations.  Instead, plaintiffs must supply, with reasonable particularity, specific facts sufficient to establish that the Court has personal jurisdiction over all defendants.  *Panda Brandywine Corp. v. Potomac Elec. Power Co.,* 253 F.3d 865, 869 (5th Cir. Tex. 2001) (finding failure to meet *prima facie* case requirement where Appellants provided only conclusory allegations and no evidence supporting its jurisdictional allegations); *see also Dudnikov v. Chalk & Vermillion Fine Arts, Inc.* 514 F.3d 1063, 1070 (10th Cir. Colo. 2008) (stating personal

jurisdiction allegations must contain "well-pled (that is, plausible, non-conclusory, and non-speculative) facts."); *MGA Entertainment v. Innovation First,* 525 Fed. Appx. 576, 578 (9th Cir. Cal. 2013) (holding plaintiff is obligated to come forward with facts … supporting personal jurisdiction"); *Palnik v. Westlake Entertainment, Inc.* 344 Fed. Appx 249, 251 (6th Cir. Ohio 009) (holding when "a court decides a motion to dismiss for lack of personal jurisdiction … the complaint must have established with reasonable particularity those specific facts that support jurisdiction").

### B.  <u>Venue in Patent Cases</u>

Under 28 U.S.C. § 1400(b), a patent infringement action may be brought in (1) "the judicial district where the defendant resides" or (2) "where the defendant has committed acts of infringement and has a regular and established place of business."  For decades, the Supreme Court interpreted § 1400(b) as the sole and exclusive provision governing venue in patent infringement actions, not to be supplemented by the general venue provisions of 28 U.S.C. § 1391(c).  *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 228-229 (1957).  The Supreme Court further interpreted "resides," in the context of § 1400(b), to mean the state in which the defendant is incorporated.  *Fourco*, 353 U.S. at 226.

In 1988, Congress amended § 1391(c) to provide: "*For purposes of venue under this chapter*, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1578 (Fed. Cir. 1990) (quoting 28 U.S.C. § 1391(c) (1988) (emphasis in original)).  Based on the inclusion of the phrase "[f]or the purposes of venue under this chapter" in the amendment, the Federal Circuit found § 1391(c) to supersede the Supreme Court's holding in *Fourco* that § 1400(b) was the exclusive venue statute in patent infringement actions.  *VE Holding*, 917 F.2d at 1578-79 (finding that, because chapter

87 of title 28 encompassed §§ 1391-1412, and thus included § 1400(b), amendment of the general venue provisions of § 1391(c) also supplemented the patent infringement venue provisions of § 1400(b)). The Supreme Court denied certiorari in *VE Holding*, and has never affirmed the Federal Circuit's holding.

In December 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("Venue Clarification Act"), amending § 1391 to include a new subsection titled "Applicability of Section" that states:

> ***Except as otherwise provided by law*** –
>
> > (1) this section shall govern the venue of all civil actions brought in district courts of the United States; and
> >
> > (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature.

28 U.S.C. § 1391(a) (emphasis added). Section 1391(a) defines the "applicability" of § 1391 in civil actions, explicitly stating that it is applicable in all civil actions "[e]xcept as otherwise provided by law." Based on this express language, § 1391 therefore does not apply in circumstances where venue is already governed by a more specific statute (*i.e.,* "otherwise provided by law"). In the case of patent infringement allegations, Title 28 already provides a venue statute directed to patent infringement; in other words, § 1400(b) provides the rules for venue in a patent infringement action. As such, § 1391 does not apply.[2]

**C.      Transfer For Improper Venue and Convenience of the Parties and Witnesses**

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Transfer under

§ 1406(a) is appropriate where the Court lacks personal jurisdiction over one or more defendants. *DietGoal Innovations LLC v. Wegmans Food Markets, Inc.*, No. 2:12-cv-562, 2013 WL 775426, at *2 (E.D. Tex. Feb. 28, 2013).

For "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district or division where it might have been brought." *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009) (citing 28 U.S.C. § 1404(a)).   In evaluating whether the proposed transferee forum is sufficiently more convenient, courts look to "private" and "public" interest factors:

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.  The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. Tex. 2008) (en banc) ("*Volkswagen II*") (citation omitted)).  The law requires an "individualized, case-by-case consideration of convenience and fairness" to the parties, *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964), and "forbids treating the plaintiff's choice of venue as a factor in the analysis of a request to transfer for the convenience of the parties."  *In re Nintendo Co.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009); *Volkswagen II*, 545 F.3d at 313-15.

---

[2]  This issue is currently on appeal to the Federal Circuit in *In re: TC Heartland LLC*, Case No. 16-105, with oral argument scheduled on March 11, 2016.

## IV.    ARGUMENT

### A.    Alibaba.com, Inc. is Not Subject to Personal Jurisdiction in This District

#### 1.    Alibaba.com, Inc. is not subject to general personal jurisdiction in this District.

Fellowship Filtering does not allege in its Complaint that Alibaba.com, Inc. is subject to general personal jurisdiction in this District.  (*See* Dkt. 1, ¶ 49.)  Even if it did, there can be no dispute that this Court lacks general personal jurisdiction over Alibaba.com, Inc..  Alibaba.com, Inc. does not have systematic and continuous contacts with, and is not "essentially at home" in, the State of Texas.

Alibaba.com, Inc. has no places of business in Texas.  Lee Decl. ¶¶ 5-10.  Alibaba.com, Inc. does not have employees or agents in Texas.  *Id.*, ¶ 8, 10.  It does not pay property or income taxes in Texas, and it does not own, lease or maintain real or tangible personal property in Texas.  *Id.*, ¶ 9.  Alibaba.com, Inc. is not registered to do business in Texas and does not have any registered agent in Texas.  *Id.*, ¶ 10.  Thus, Alibaba.com, Inc. does not have a presence in Texas sufficient to establish that it is "essentially at home" in Texas (or, more particularly, this District) and therefore subject to general personal jurisdiction here.  *Bauman*, 134 S. Ct. at 751.

#### 2.    Alibaba.com, Inc. is not subject to specific personal jurisdiction in this District.

Alibaba.com, Inc. is not subject to specific personal jurisdiction in this District.  Fellowship Filtering's complaint fails to allege any facts specific to Alibaba.com, Inc. showing that it has any contacts with Texas.  (Dkt. 1, ¶¶ 49-80.)  In fact, the only jurisdictional allegations

in the Complaint specific to Alibaba.com, Inc. confirm that it has an office in San Mateo, California and a registered agent in Delaware.  (*Id.*, ¶ 66.[3])

Rather than address the individual entities, Fellowship Filtering lumps all of the Alibaba Defendants together for purposes of jurisdiction in its Complaint.[4]  (*See, e.g.,* Dkt. No. 1 ¶¶ 49-80.)  Fellowship Filtering alleges that "Alibaba has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum."  (Dkt. 1, ¶ 49.)  The alleged "acts within the Eastern District of Texas giving rise to this action" are "acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the '282 patent."  (*Id.*)  The "products and/or services" Fellowship Filtering accuses of infringement are "collaborative filtering products and services, including but not limited to, the Alibaba Products,[5] which include infringing content and/or product recommendation technologies."  (*Id.*, ¶ 215.)  The Complaint provides the following examples of accused "products and/or services": "www.taobao.com, www.aliexpress.com, www.aliyun.com, and www.alibaba.com, which are covered by one or more claims of the '282 patent, including but not limited to claims 19 and 25."  (*Id.*)

Alibaba.com, Inc. has not committed any such "acts within the Eastern District of Texas giving rise to this action."  Alibaba.com, Inc. is a marketing company, which promotes certain Alibaba websites in the United States generally.  Lee Decl. ¶ 5.  Alibaba.com, Inc. does not

---

[3]  The reference to "Alibaba, Inc." in this paragraph is presumably a typographical error and is intended to be "Alibaba.com, Inc."  There is no "Alibaba, Inc." defendant.

[4]  Fellowship Filtering's jurisdictional allegations are also primarily directed to alleged activities by the Alibaba Defendants in the United States and internationally, not directed at the State of Texas.  (*See, e.g.,* Dkt. No. 1 ¶¶ 49-80.)

[5]  The term "Alibaba Products" is defined in the Complaint as "recommendation products and services, such as, recommendation functionality on www.taobao.com, www.aliexpress.com,

operate any of the identified websites, does not develop, make, sell or distribute any products (including website-building tools), and does not provide technical support or engineering services to end users of the identified websites. *Id.* Thus, exercise of personal jurisdiction over Alibaba.com, Inc. is improper because none of the alleged "acts within the Eastern District of Texas giving rise to this action" have been committed by Alibaba.com, Inc., and specific jurisdiction only exists where the claim arises out of or relates to the defendant's activities that are purposefully directed at residents of the forum. *Grober*, 686 F.3d at 1346.

For the same reasons, the Complaint also fails to describe how Alibaba.com, Inc. has established "minimum contacts with this forum." (*See* Dkt. 1, ¶ 49.) The Complaint alleges that Alibaba websites are accessed by companies and users in the United States, and that goods purchased on the websites are "shipped into the United States, including into the state of Texas." (*See id.*, ¶¶ 51-63.) But as described above, Alibaba.com, Inc. does not operate any of the identified websites, or distribute any products purchased on those websites. Lee Decl. ¶ 5. Alibaba.com, Inc. is a marketing company that promotes the Alibaba websites in the United States generally, but it does not engage in marketing or sales initiatives directed at any specific state, including Texas. *Id.*

To the extent Fellowship Filtering asserts that the activities of the other Alibaba Defendants should be considered in evaluating personal jurisdiction over Alibaba.com, Inc., that argument should be rejected. The Alibaba Defendants are separate entities, and the alleged jurisdictional contacts of other Alibaba Defendants should not be imputed to Alibaba.com, Inc., absent a viable alter-ego theory or a piercing of the corporate veil. *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 335–37 (1925); *see also Dalton v. R & W Marine, Inc.*, 897 F.2d

---

www.aliyun.com, www.alibaba.com, and all versions and variations thereof since the issuance of

1359, 1363 (5th Cir. 1990) ("[T]he mere existence of a parent-subsidiary relationship will not support the assertion of jurisdiction over a foreign parent.").  Here, Fellowship Filtering has not alleged facts sufficient to support the imputation of alleged jurisdictional contacts of other Alibaba Defendants to Alibaba.com, Inc.

As a result of Fellowship Filtering's failure to make a prima facie showing that Alibaba.com, Inc. is subject to personal jurisdiction, its Complaint must be dismissed with respect to Alibaba.com, Inc. pursuant to Fed. R. Civ. P. 12(b)(2).

### B.     Venue With Respect to Alibaba.com, Inc. Does Not Lie In This District

The applicable venue statute for this action, 26 U.S.C. § 1400(b), states that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  Neither condition is met in this case.

#### 1.     Alibaba.com, Inc. does not reside in this District.

Fellowship Filtering did not bring this action in the judicial district where Alibaba.com, Inc. resides. "For purposes of the patent venue statute, a corporation is a resident only of the state in which it is incorporated." *In re Cordis Corp.*, 769 F.2d 733, 735 (Fed. Cir. 1985).  As the Complaint acknowledges, Alibaba.com, Inc. is incorporated in Delaware, not Texas. Dkt. 1, ¶ 36; Lee Decl., ¶ 3.

Even if § 1400(b) were not the exclusive venue statute for actions for patent infringement, venue would still be improper under § 1391(c) because this Court lacks personal jurisdiction over Alibaba.com, Inc., as described above.

---

the '282 patent."  (Dkt. No. 1 at ¶ 159.)

2.      **Alibaba.com, Inc. does not have a regular and established place of business in this District.**

Alibaba.com, Inc. has no place of business in this District — let alone a "regular and established" place of business.  Alibaba.com, Inc. has no physical presence in this District whatsoever.  All Alibaba.com, Inc. employees are either based in its San Mateo, California office or spend some portion of their time working out of that office.  *Id.* ¶ 4.  Alibaba.com, Inc. does not own, lease or maintain any real property in Texas.  *Id.* ¶ 6.  Alibaba.com, Inc. does not own, lease or maintain any tangible personal property, including any documents or electronic data repositories, in Texas.  *Id.* ¶ 7.  Alibaba.com, Inc. has no employees or agents in Texas.  *Id.* ¶ 8.  Alibaba.com, Inc. pays no property or income taxes in Texas, and has no places of business, mailing addresses, bank accounts, or telephone listings in Texas.  *Id.* ¶ 9.  Alibaba.com, Inc. has no registered agent in Texas and is not registered with the Texas Secretary of State to transact business in Texas.  *Id.* ¶ 10.  Venue with respect to Alibaba.com, Inc. simply does not lie in this District. *See, e.g.*, *Garnet Digital, LLC v. Apple, Inc.*, 893 F.Supp.2d 814, 816 (E.D. Tex. 2012) (granting dismissal where there was no personal jurisdiction and the defendant did not have a regular and established place of business in the Eastern District of Texas).

C.      **Even If the Court Decides that It Can Exercise Personal Jurisdiction Over Alibaba.com, Inc., Transfer to the Northern District of California is Warranted**

Even if the Court determines that it can exercise personal jurisdiction over Alibaba.com, Inc. in the present action, this is not the proper forum for the administration of this case.  Rather, the U.S. District Court for the Northern District of California is the appropriate forum.  As discussed below, all factors traditionally considered in analyzing a motion to transfer favor a transfer to the Northern District of California here.

### 1.      Fellowship Filtering could have sued Alibaba.com, Inc. in the Northern District of California.

In deciding whether transfer is proper, the Court must first determine "whether a civil action 'might have been brought' in the destination venue."  *Volkswagen II*, 545 F.3d at 312. Defendant Alibaba.com, Inc. has its principal place of business in San Mateo, California.  As such, the Northern District of California has general personal jurisdiction over Alibaba.com, Inc. and Fellowship Filtering could have sued Alibaba.com, Inc. there.

### 2.      Venue with respect to Alibaba.com, Inc. does not lie in this forum.

As explained above, venue is not proper in this forum under the statute applicable to patent infringement actions, 28 U.S.C. § 1400(b).  Alibaba.com, Inc. has not committed any of the acts that Fellowship Filtering has alleged to infringe the asserted patent in the Eastern District of Texas.  But even if it did, Alibaba.com, Inc. is not a resident of, nor does it have a regular and established place of business in, the Eastern District of Texas.  As such, venue with respect to Alibaba.com, Inc. does not lie in this District .  In contrast, Alibaba.com, Inc. has its principal place of business in San Mateo, California.  Thus, transfer of this case to the Northern District of California, which would have venue over Alibaba.com, Inc. pursuant to § 1400(b), is proper under 28 U.S.C. § 1406(a).

### 3.      Fellowship Filtering has no meaningful connection to this forum.

Fellowship Filtering's choice of venue is entitled no deference in analyzing a motion to transfer under 28 U.S.C. § 1404.  *Nintendo,* 589 F.3d at 1200 (holding "the district court clearly abused its discretion in denying transfer from a venue with no meaningful ties to the case [because it] gave too much weight to the plaintiff's choice of venue.").

Even if choice of venue *could* be considered in certain cases, it should not be in *this* case. Fellowship Filtering claims it is based in McKinney, Texas and that it employs a resident of

McKinney as a so-called "Technology Analyst."  (Dkt. 1, ¶ 33.)  However, the Certificate of

Formation filed with the Texas Secretary of State confirms that both of Fellowship Filtering's

managing members reside in California.  Watkins Decl., Ex. 1.  Thus, Fellowship Filtering's

*principal* place of business is California; not Texas.  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93

(2010) ("principal place of business" as "the place where a corporation's officers direct, control,

and coordinate the corporation's activities," also known as "the corporation's 'nerve center.'");

*see also In re Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2011) (granting mandamus and

reminding that courts should, if "the record reveals attempts at manipulation" regarding the

principal place of business, "take as the 'nerve center' the place of actual direction, control, and

coordination, in the absence of such manipulation"); *In re Zimmer Holdings, Inc.*, 609 F.3d 1378,

1381 (Fed. Cir. 2010).

Fellowship Filtering was registered as a Texas LLC in November 2014, and shortly

thereafter filed the first of 16 separate patent infringement complaints in the Eastern District of

Texas—all asserting the '282 patent.  Watkins Decl. Exs. 1, 4.  Thus, Fellowship Filtering's

connections to this District were apparently made in anticipation of litigation—for the purpose of

making this forum appear convenient—and should be ignored.  *In re Apple Inc.*, 456 F. App'x

907, 908-09 (Fed. Cir. 2012) (quoting *Microsoft Corp.*, 630 F.3d at 1364) ("Courts should not

'honor connections to a preferred forum made in anticipation of litigation and for the likely

purpose of making that forum appear convenient.'").

### 4. The convenience of witnesses favors transfer.

Transfer to the Northern District of California will serve the convenience of all of the

prospective witnesses in this case, which is "probably the single most important factor in transfer

analysis."  *Genentech*, 566 F.3d at 1343; *see In re Verizon Bus. Network Servs. Inc.*, 635 F.3d

559, 561 (Fed. Cir. 2011).  "All potential material and relevant witnesses must be taken into

account for the transfer analysis, irrespective of their centrality to the issues raised in a case or their likelihood of being called to testify at trial." *On Semiconductor Corp. v. Hynix Semiconductor, Inc.* 2010 WL 3855520 (E.D. Tex. 2010)*,* slip op. at *5 (citing *Genentech*, 566 F.3d at 1343).

Alibaba.com, Inc.'s employees are located in the Northern District of California or spend time in that District as part of their work.  None of them are located in Texas.  The majority, if not all, documents or evidence relating to Alibaba.com, Inc. will be located in or accessible from San Mateo, California.  None are located in Texas.  Lee Decl. ¶¶ 4, 7.

The Northern District of California is more than 100 miles from this District, so the "factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen*, 371 F.3d 201, 204-05 (5th Cir. 2004).  The Northern District of California is a dramatically shorter average distance from the vast majority of potential witnesses than this District.  As noted above, this is true for all of Alibaba.com, Inc.'s witnesses.

Fellowship Filtering's managing members reside in Los Angeles.  Watkins Decl., Exs. 1, 2.  The sole named inventor on the '282 patent, Mr. Robinson, is a resident of Maine.  *Id.*, Ex. 3.  Thus, this case may require these individuals to travel whether the case remains in Texas or is transferred to the Northern District of California.  If anything, travel to the Northern District of California is likely more convenient for them, as there are more frequent flight options between Los Angeles and San Francisco than there are flights available to Marshall, Texas.  Thus, Fellowship Filtering cannot plausibly claim that the Eastern District of Texas is a more convenient forum than the Northern District of California for any of its prospective witnesses.

As a result, the convenience of all prospective witnesses in this case favors the Northern District of California.

### 5.     Availability of compulsory process favors transfer.

The third factor, "availability of compulsory process to secure the attendance of witnesses," also strongly favors the Northern District of California.  Both this Court and the Northern District of California can issue nationwide deposition subpoenas under Fed. R. Civ. P. 45(b)(2), but each Court has different powers to require attendance at trial.  This Court can compel only non-party witnesses residing within Texas, and the Northern District of California only from within California.  Fed. R. Civ. P. 45(c)(1)(B)(ii).

Numerous non-party prior artists who may testify on the prior invention, use, and offer for sale of products anticipating or rendering obvious the alleged invention of the asserted '282 patent, reside within the Northern District of California. For example, the sole named inventor on U.S. Patent No. 5,659,732, which was originally assigned to Infoseek Corporation and is currently assigned to Google, is Steve Kirsch, a resident of the San Francisco Bay Area.  The Northern District of California was also the location of the Xerox Palo Alto Research Center ("PARC"), which conducted extensive research in this technical space and will potentially be a critical source of evidence for prior art.  The ability of the Northern District of California to compel process of non-party prior art witnesses from these locations favors transfer.

### 6.     There are no practical problems with transferring this case to the Northern District of California.

"Practical problems include those that are rationally based on judicial economy." *Optimum Power Solutions LLC v. Apple Inc.*, 794 F. Supp. 2d 696, 702 (E.D. Tex. Feb. 22, 2011).  There are no practical problems with transferring this case, because this case is just beginning:  discovery has not started, the parties have not exchanged initial disclosures or contentions, and any such disclosures or contentions exchanged in the future can be used in the Northern District of California as well.  The Local Patent Rules of this District were patterned on

those of the Northern District of California, meaning any work the parties have done in this District will not be wasted.  *Affinity Labs of Texas v. Samsung Elecs. Co.*, No. 12-557, 2013 WL 5508122, at \*2 (E.D. Tex. Sept. 18, 2013).  This factor is thus neutral.  *TransUnion Intelligence LLC v. Search America, Inc.*, No. 10-130, 2011 WL 1327038, at \*5 (E.D. Tex. Apr. 5, 2011).

## V.    <u>CONCLUSION</u>

For the foregoing reasons, the Court should dismiss this action for lack of personal jurisdiction and improper venue, or in the alternative, transfer this action to the Northern District of California.

Dated:  February 11, 2016

Respectfully Submitted,

    _/s/ Mark Mann_
MANN TINDEL THOMPSON
J. Mark Mann
Texas Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
Texas Bar No. 24042033
blake@themannfirm.com
MANN TINDEL THOMPSON
300 West Main
Henderson, Texas 75652
Telephone:  903.657.8540
Facsimile: 903.657.6003
LOCAL COUNSEL

CAREY R. RAMOS (_pro hac vice_ to be filed)
careyramos@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212.849.7000
Facsimile: 212.849.7100
JEFFREY S. GERCHICK (_pro hac vice_ to be
filed)
jeffgerchick@quinnemanuel.com
BRETT N. WATKINS (_pro hac vice_ to be filed)
brettnwatkins@quinnemanuel.com
777 6th Street NW, 11th Floor
Washington, D.C. 20001-3706
Telephone:  202.538.8000
Facsimile: 202.538.8100
LEAD COUNSEL

_Attorneys for Defendant_ Alibaba.com, Inc.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 11, 2016.

*/s/ J. Mark Mann*

J. Mark Mann

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule CV-7(h), Carey Ramos and Brett Watkins, counsel for Alibaba.com, Inc., conferred with Daniel Hipskind, counsel for Plaintiff Fellowship Filtering Technologies, LLC by phone on February 11th, 2016 regarding the motion to transfer. Plaintiff's counsel advised that it would oppose this motion.

*/s/ J. Mark Mann*

J. Mark Mann